FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBER K., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:20-cv-05142-SMJ <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment. ECF No. 17, 18. Attorney Kathryn Higgs represents Amber K. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER – 1

matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on March 5, 2018, alleging disability since April 13, 2016, due to back injury and neck injury. Tr. 75-76. The application was denied initially and upon reconsideration. Tr. 105-08, 114-16. An Administrative Law Judge (ALJ) held a hearing on October 7, 2019, Tr. 33-73, and issued an unfavorable decision on October 23, 2019. Tr. 15-27. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on July 6, 2020. Tr. 1-5. The ALJ's October 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 7, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1983 and was 32 years old as of her alleged onset date. Tr. 75. She has a high school diploma and has worked as a housekeeper and caregiver, and in sales and grocery checking. Tr. 37-38, 60-66. She initially injured her back in early 2016 while pushing a car and underwent surgery in April 2016. Tr. 349. She did not experience relief from surgery and continued to seek treatment for neck and back pain, with radiation into her left leg. Her treatment has included

ORDER – 2

physical therapy, medication, steroid injections, and use of a TENS unit. Treatment has brought her only minimal relief. Tr. 365, 391, 670, 692-93, 762-63.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be

ORDER – 3

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On October 23, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-27.

ORDER – 4

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease, left foot drop, obesity, and asthma. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant could stand and/or walk up to one hour at a time for a total of four hours in an eight-hour workday. She could occasionally perform foot control operation with the left foot. She should never crouch, crawl, or climb ladders, ropes, or scaffolds. She could occasionally stoop and kneel but less than occasionally climb ramps and/or stairs. She should avoid all exposure to extreme temperatures, excessive vibrations, and hazards such as dangerous moving machinery and unprotected heights as well as avoid occasional exposure to pulmonary irritants such as smoke and dust.

Tr. 20. At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a housekeeper cleaner, child monitor, salesclerk, stores laborer, or industrial truck operator. Tr. 25.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed

ORDER – 5

in significant numbers in the national economy, specifically identifying the representative occupations of marking clerk, routing clerk, and ticket seller. Tr. 25-26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 26-27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting Plaintiff's symptom testimony; (2) improperly rejecting the opinions of treating and examining doctors; and (3) formulating an incomplete residual functional capacity.

## DISCUSSION

**1.     Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 17 at 5-9.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad*

ORDER – 6

*v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but that Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's complaints were unsupported by the objective evidence of record and inconsistent with Plaintiff's activities. Tr. 21-23.

Plaintiff argues the ALJ's rationale is insufficient, as the identified activities are not inconsistent with Plaintiff's allegations, and the lack of support from the objective evidence is not enough on its own. ECF No. 17 at 5-9. Defendant argues the ALJ appropriately considered evidence of poor effort, inconsistent presentation,

lack of follow through, conflicting doctors' opinions and Plaintiff's activities in assessing the reliability of Plaintiff's reports. ECF No. 18 at 2-9.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's reports. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ failed to identify any activities that were inconsistent with Plaintiff's reports. The record contains very little evidence of Plaintiff engaging in household chores or running errands, and the ALJ did not point to any childcare activities Plaintiff engaged in. Plaintiff testified that household chores take her all day and she is wiped out afterward, that she sits while doing any meal preparation, and she has assistance with grocery shopping. Tr. 51-52. The Ninth Circuit has repeatedly found that the ability to perform these kinds of activities are not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Because the ALJ did not

ORDER – 8

identify any activities that are inconsistent with Plaintiff's allegations, this is not a clear and convincing basis for discounting her subjective reports.

The only other rationale offered by the ALJ was the lack of support from the objective evidence. An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). The ALJ summarized the treatment records in chronological order but failed to identify any specific conflicts other than Plaintiff not presenting to every appointment with back and extremity issues. Tr. 21-23. The Court finds the fact that Plaintiff did not complain about problems with her back and neck during a consultation for a hysterectomy is an insufficient basis upon which to discount Plaintiff's allegations.

Defendant argues that the ALJ also discounted Plaintiff's subjective statements based on evidence of poor effort and lack of follow-through with treatment recommendations. ECF No. 18 at 3-6. The Court finds the ALJ did not

ORDER – 9

clearly link these factors to his assessment of Plaintiff's subjective statements, and simply mentioned the facts in his summary of the treatment record.[2]

On remand, the ALJ shall reconsider Plaintiff's subjective testimony.

**2.    Medical Opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 17 at 9-12.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other

---

[2] Additionally, the fact that there was "no note of follow through" after Plaintiff's physical therapy visit in September 2019 is clearly explained by its proximity in time to the hearing. Tr. 1073 (physical therapy visit on September 24, 2019); Tr. 33 (hearing on October 7, 2019).

factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

ORDER – 11

### a. *ARNP Kelli Campbell*

Plaintiff's primary care provider, Kelli Campbell, completed three WorkFirst forms for DSHS, one in October of 2017, another in February of 2018, and the last in March of 2019. Tr. 307-09, 315-17, 677-79. In each form, Ms. Campbell noted Plaintiff's issues with pain and stated she was limited to 1-10 hours of work-related activity per week, needed frequent position changes, and was limited to sedentary work. *Id.*

The ALJ found these opinions unpersuasive, finding them to be inconsistent with the objective record, noting evidence of leg weakness, some full strength, few complaints of headaches, and normal mental status exams. Tr. 25.

The Court finds the ALJ's analysis is insufficient. The ALJ only considered the consistency factor and failed to discuss supportability, as required by the revised regulations. 20 C.F.R. § 416.920a(b). Furthermore, the ALJ failed to explain how the cited records demonstrate any inconsistency with Ms. Campbell's opinions. It is unclear how evidence regarding headaches or mental status exams conflicts with Ms. Campbell's opinion about Plaintiff's physical pain and corresponding physical limitations.

On remand the ALJ will reconsider the persuasiveness of Ms. Campbell's opinions, specifically addressing the factors of supportability and consistency.

ORDER – 12

### b.    *Dr. Turner and Dr. Thompson*

Plaintiff next argues that the ALJ erred in rejecting the testimony from the medical expert, Dr. Thompson, regarding absences and breaks, and in failing to discuss evidence from Dr. Turner that indicated difficulty with standing and walking. ECF No. 17 at 11-12. Defendant asserts neither of these arguments identifies clear limitations that the ALJ was required to specifically discuss. ECF No. 18 at 13-14, 16-18.

The Court finds Plaintiff did not identify any opinion evidence that the ALJ failed to discuss or erred in disregarding. The revised regulations define a medical opinion as a statement from a medical source about what a claimant can still do despite their impairments. 20 C.F.R. § 416.913. Dr. Thompson testified that he thought it was likely that Plaintiff would need more breaks than a normal worker and would have absences due to her impairments, but that he could not objectively estimate how many. Tr. 47-48. Dr. Turner performed an exam and requested a colleague review Plaintiff's case but did not assess any functional limits. Tr. 460, 464. Therefore, these were not "medical opinions" as defined by the regulations and the ALJ did not err in rejecting this testimony.

### 3.    RFC

Plaintiff argues the ALJ erred in formulating the RFC as it did not account for all of Plaintiff's limitations. ECF No. 17 at 12-17. This argument largely reiterates

ORDER – 13

the arguments discussed above. On remand, the ALJ will reconsider the evidence and reformulate the RFC as needed.

### CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary and declines to remand for payment of benefits without further proceedings.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective statements and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

//

//

//

ORDER – 14

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion **within 30 days from the date of this Order**.

5. The Clerk's Office is directed to enter **JUDGMENT** for Plaintiff and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 5th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER – 15